1  JODY A. LANDRY, Bar No. 125743
   jlandry@littler.com
2  ADAM E. BRAUNER, Bar No. 285560
   abrauner@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, CA  92101.3577
   Telephone:  619.232.0441
5  Facsimile:   619.232.4302

6  Attorneys for Defendant
   STARBUCKS CORPORATION
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 | JESUS DEARTE, an individual, | Case No.  3:18-cv-01926-JM-JLB
11 |                              |
   | Plaintiff,                   |
12 |                              | **ANSWER AND AFFIRMATIVE**
   | v.                           | **DEFENSES OF DEFENDANT**
13 |                              | **STARBUCKS CORPORATION TO**
   | STARBUCKS CORPORATION, a     | **PLAINTIFF'S VERIFIED**
14 | corporation and DOES 1-20 inclusive, | **COMPLAINT AND DEMAND FOR**
   |                              | **JURY TRIAL**
15 | Defendants.                  |
16 |                              |
17 |                              | Complaint Filed:  June 21, 2018

---

ANSWER OF DEFENDANT TO
PLAINTIFF'S COMPLAINT

Case No.  3:18-cv-01926-JM-JLB

Defendant STARBUCKS CORPORATION ("Starbucks" or "Defendant") by and through its undersigned attorneys, respectfully submits the following Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff JESUS DEARTE as follows:

## GENERAL ALLEGATIONS

The paragraph of Plaintiff's Complaint under the heading "General Allegations" purports to be a summary of the nature of Plaintiff's claims to which no response is required from Defendant. To the extent a response is required, Defendant denies all allegations contained in this paragraph of Plaintiff's Complaint.

## VENUE AND JURISDICTION

1. Paragraph 1 of Plaintiff's Complaint purports to be a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant admits that the United States District Court for the Southern District of California is the proper venue for the above-captioned litigation.

## THE PARTIES

2. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, but upon information and belief, admits them.

3. Paragraph 3 of Plaintiff's Complaint purports to be a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant admits that it employed Plaintiff from October 21, 2013 until April 21, 2016 and employs hundreds of persons within the state of California. Except as expressly admitted, Defendant denies the allegations of Paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 as to Plaintiff's knowledge, and therefore denies the same. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT   2.   Case No. 3:18-cv-01926-JM-JLB

## BACKGROUND FACTS

5. Defendant denies the allegations in Paragraph 5 of the Complaint as stated.

6. Defendant admits that a May 29, 2018 open letter issued by Starbucks Executive Chairman Howard Schultz includes the quoted language. Except as expressly admitted, Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint, as stated.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits that it hired Plaintiff on October 21, 2013. Except as expressly admitted, Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff worked for Starbucks for approximately two-and-a-half years, received five pay increases over that period of time, and was promoted to the position of Shift Supervisor in 2014. Except as expressly admitted, Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies the same.

17. Defendant admits that Plaintiff contacted Starbucks Human Resources and alleged that Store Manager Spencer Cooper had inquired as to Plaintiff's

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT     3.     Case No. 3:18-cv-01926-JM-JLB

relationship with another coworker.  Except as expressly admitted, Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant admits that Starbucks Human Resources spoke with Plaintiff about his concerns on April 19, 2016.  Except as expressly admitted, Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies the same.

21. Defendant admits that on April 20, 2016 Starbucks District Manager Kim Allen met with Plaintiff. Except as expressly admitted, Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant admits that in the April 20, 2016 meeting District Manager Kim Allen and Plaintiff discussed allegations that Plaintiff had violated various company policies on March 3, 2016.  Except as expressly admitted, Defendant denies the allegations of Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies the same.

24. Defendant admits that in the April 20, 2016 meeting District Manager Kim Allen and Plaintiff discussed Plaintiff's concern that Store Manager Spencer Cooper had asked other Starbucks employees whether Plaintiff was in a relationship with a coworker.  Except as expressly admitted, Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant admits that it terminated Plaintiff's employment on or around April 21, 2016 due to his violation of various company policies with respect to events that took place on March 3, 2016.  Except as expressly admitted, Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies the same.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT          4.          Case No.  3:18-cv-01926-JM-JLB

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and therefore denies the same.

29. Defendant admits the allegations of Paragraph 29 of the complaint.

## FIRST CAUSE OF ACTION

## AGAINST DEFENDANT AND DOES 1-10

## FOR DISCRIMINATION BASED ON SEXUAL ORIENTATION

30. Defendant incorporates by reference herein its answers to the allegations of Paragraphs 1 through 29 of the Complaint set forth above.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant states that the allegations in Paragraph 32 of the Complaint set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the United States District Court for the Southern District of California is the proper venue for the above-captioned litigation.

33. Defendant denies the allegations in Paragraph 33 of the Complaint and denies that Plaintiff is entitled to any relief.

34. Defendant denies the allegations in Paragraph 34 of the Complaint and denies that Plaintiff is entitled to any relief.

35. Defendant denies the allegations in Paragraph 35 of the Complaint and denies that Plaintiff is entitled to any relief.

## SECOND CAUSE OF ACTION

## AGAINST DEFENDANT AND DOES 1-10

## FOR RETALIATION

## (Cal Gov. Code §12940(h))

36. Defendant incorporates by reference herein its answers to the allegations of Paragraphs 1 through 29 of the Complaint set forth above.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT     5.     Case No. 3:18-cv-01926-JM-JLB

39. Defendant denies the allegations in Paragraph 39 of the Complaint and denies that Plaintiff is entitled to any relief.

40. Defendant denies the allegations in Paragraph 40 of the Complaint and denies that Plaintiff is entitled to any relief.

## THIRD CAUSE OF ACTION

## AGAINST DEFENDANT AND DOES 1-10

## FOR FAILURE TO PREVENT DISCRIMINATION

41. Defendant incorporates by reference herein its answers to the allegations of Paragraphs 1 through 29 of the Complaint set forth above.

42. Paragraph 42 of Plaintiff's Complaint purports to be a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant admits the allegations of Paragraph 42 of the Complaint.

43. Paragraph 43 of Plaintiff's Complaint purports to be a legal conclusion to which no response is required from Defendant.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint and denies that Plaintiff is entitled to any relief.

46. Defendant denies the allegations in Paragraph 46 of the Complaint and denies that Plaintiff is entitled to any relief.

## FOURTH CAUSE OF ACTION

## AGAINST DEFENDANT AND DOES 1-20

## FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

47. Defendant incorporates by reference herein its answers to the allegations of Paragraphs 1 through 29 of the Complaint set forth above.

48. Paragraph 48 of Plaintiff's Complaint purports to be a legal conclusion to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT    6.    Case No. 3:18-cv-01926-JM-JLB

50. Defendant denies the allegations in Paragraph 50 of the Complaint and denies that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

WHEREFORE, Defendant pray for judgment as follows:

1. For judgment against Plaintiff on all claims for relief.

2. Dismiss Plaintiff's Complaint with prejudice and award Plaintiff nothing by way of her Complaint;

3. For an award of Defendant's reasonable attorney fees, costs, expenses and disbursements incurred herein;

4. For such further relief as the Court deems just, equitable, and proper.

## AFFIRMATIVE DEFENSES

Defendant pleads the following defenses and reserves the right to plead additional defenses which may become apparent during discovery in this case. To the sole extent that any of the following defenses or legal theories may be interpreted as being inconsistent, Defendant states that such defenses or legal theories are plead in the alternative and do not constitute an admission of liability by Defendant, or that Plaintiff is entitled to any relief whatsoever. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

1. As a separate and distinct affirmative defense, Defendant alleges the Amended Complaint and each and every alleged cause of action therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (EQUITABLE DEFENSES)

2. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges,

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT    7.    Case No. 3:18-cv-01926-JM-JLB

that the Amended Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrines of unclean hands, estoppel, waiver, consent and/or laches.

### THIRD AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATION)

3. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Amended Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statute(s) of limitation, including without limitation, the limitations period contained in California Code of Civil Procedure sections 335.1, 338, 340 and/or 343, California Government Code sections 12960 and 12965, and any other applicable statute(s) of limitation.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

4. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Amended Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff failed to timely and fully and properly exhaust his administrative and/or internal remedies prior to filing suit, including, but not limited to his administrative remedies pursuant to California Government Code sections 12960 et seq. and/or the California Labor Code.

### FIFTH AFFIRMATIVE DEFENSE
### (EXCEEDS SCOPE OF ADMINISTRATIVE CHARGE)

5. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Amended Complaint and each cause of action set forth therein, or some of them, are barred to the extent that the Court is without jurisdiction over any claims not like or reasonably related to the allegations or that exceed the scope of the charges

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT    8.    Case No. 3:18-cv-01926-JM-JLB

made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

### SIXTH AFFIRMATIVE DEFENSE
### (GOOD FAITH, LEGITIMATE BUSINESS DECISIONS)

6. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Amended Complaint, and each cause of action alleged therein, is barred, in whole or in part, because, without admitting that it engaged in any of the acts, conduct or statements alleged in the Amended Complaint, Defendant alleges that it had legitimate, justifiable, good faith, non-discriminatory and non-retaliatory business reasons, and/or business necessity for any action(s) taken with respect to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (MANAGERIAL DISCRETION AND IMMUNITY)

7. As a separate and distinct affirmative defense, Defendant alleges that the Amended Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of managerial immunity, as all acts or omissions allegedly attributed to Defendant represented the just and proper exercise of Defendant's managerial discretion and were undertaken for legitimate, non-discriminatory, non-retaliatory, fair and honest reasons, regulated by good faith and probable cause under the circumstances existing at the time of such acts or omissions.

### EIGHTH AFFIRMATIVE DEFENSE
### (NO CAUSAL CONNECTION)

8. Without admitting that Plaintiff engaged in any protected activity, to the extent he did engage in protected activity, there is no causal connection between the protected activity and any adverse action.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT        9.        Case No. 3:18-cv-01926-JM-JLB

## NINTH AFFIRMATIVE DEFENSE
## (SAME RESULT/MIXED MOTIVE)

9. As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's Amended Complaint, that even if Plaintiff could establish that any of the allegations set forth in his Amended Complaint were motivated by a potentially illegitimate motive, that Defendant would have made the same decision and/or taken the same action even if it had not taken the alleged illegitimate motive into account.

## TENTH AFFIRMATIVE DEFENSE
## (NO PRIVATE RIGHT OF ACTION)

10. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's cause of action for failure to take all necessary steps to prevent discrimination and retaliation is barred because there is no private right of action for this claim. *See Dept. of Fair Emp't & Housing v. Lyddan Law Group (Williams)*, No. 10-04-P, 2010 CA FEHC LEXIS 4 (Oct. 19, 2010).

## ELEVENTH AFFIRMATIVE DEFENSE
## (FAILURE TO EXHAUST INTERNAL REMEDIES)

11. As a separate and distinct affirmative defense, Defendant alleges that the Amended Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

## TWELFTH AFFIRMATIVE DEFENSE
## (AVOIDABLE CONSEQUENCES DOCTRINE)

12. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Amended Complaint, and each cause of action alleged therein, or some of them, are barred, in whole or in part, by the avoidable consequences doctrine because: (1) Defendant exercised reasonable care to prevent and correct promptly any

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT                10.                Case No. 3:18-cv-01926-JM-JLB

discriminatory, retaliatory or otherwise unlawful behavior, including by maintaining an anti-discrimination and anti-retaliation policy and/or open door policy and complaint procedure; (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise; and, (3) Plaintiff's reasonable use of his employer's procedures would have prevented at least some, if not all, of the purported harm of which Plaintiff now complains.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (OUTSIDE COURSE AND SCOPE OF EMPLOYMENT)

13. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has not suffered cognizable damages or other harm as a result of any act or omission of Defendant, and if any harm was in fact suffered by Plaintiff, including but not limited to emotional and/or mental distress, it was proximately caused by factors other than any act or omission of Defendant or anyone acting on its behalf.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (DEFENDANT ACTED IN GOOD FAITH AND WITH GOOD CAUSE)

14. As a separate and distinct affirmative defense, Defendant alleges that, without admitting the need for good cause, the Amended Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff, and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted. Defendant further alleges that any violation of the California Labor Code was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE)

15. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT    11.    Case No. 3:18-cv-01926-JM-JLB

on that basis alleges, that Plaintiff has failed to exercise reasonable care to mitigate his damages, if any were suffered, and that his right to recover against Defendant should be reduced and/or eliminated by such a failure.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (OFFSET/SET OFF)

16. As a separate and distinct affirmative defense, Defendant alleges that any award to Plaintiff must be offset by all sums heretofore received by Plaintiff from any source, including but not limited to, unemployment insurance, private insurance, state disability insurance, Social Security disability payments, workers' compensation payments, and any amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (AFTER-ACQUIRED EVIDENCE)

17. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce any alleged damages arising from such claim to the fullest extent provided by law.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (UNCONSTITUTIONALITY OF PUNITIVE DAMAGES)

18. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to defendants in criminal

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT      12.      Case No. 3:18-cv-01926-JM-JLB

proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## NINETEENTH AFFIRMATIVE DEFENSE
## (NO ENTITLEMENT TO PREJUDGMENT INTEREST)

19. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Amended Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant does not presently know of all of the facts regarding the conduct of Plaintiff and the claims alleged in the Amended Complaint sufficient to state all affirmative defenses that may exist at this time. Accordingly, Defendant expressly reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. The Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of his Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendant on each cause of action in the Complaint;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein to the extent permitted under applicable law; and

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT   13.   Case No. 3:18-cv-01926-JM-JLB

  4. The Court award Defendant such other and further relied as it deems appropriate.

Dated: August 24, 2018

          */s/ Adam E. Brauner*
          JODY A. LANDRY
          ADAM E. BRAUNDER
          LITTLER MENDELSON, P.C.
          Attorneys for Defendant
          STARBUCKS CORPORATION

Firmwide:156511110.1 055187.1085

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT  14.  Case No. 3:18-cv-01926-JM-JLB